Mr. M. W. Matz City Clerk — Finance Officer City of Fort Myers Post Office Drawer 2217 Fort Myers, Florida 33902-2217
Dear Mr. Matz:
You have asked substantially the following question:
 May the City of Fort Myers sell copies of its growth management books at a cost higher than the actual cost of duplication?
In sum, I am of the following opinion:
 In the absence of a statute prescribing a fee which may be charged for furnishing copies of the growth management books, the City of Fort Myers is limited to charging only the actual cost of duplication when selling copies.
You state that the City of Fort Myers had copies of its growth management book reproduced at an average cost of $15.10 per copy. The city's planning department, however, has requested that each copy be sold for $35.00.
Section 119.011(1), F.S., defines "public records" as
 all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (e.s.)
The term "public record" has been construed by The Supreme Court of Florida to include "any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type."[1]
Under the definition provided in s. 119.011(1), F.S., and the judicial construction above, a book produced in connection with official city business to report a city's growth management would qualify as a public record.
Section 119.07(1), F.S., provides, in pertinent part, as follows:
 Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, upon payment of the actual cost of duplication of the record. The phrase "actual cost of duplication" means the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication. (e.s.)
Thus, s. 119.07(1), F.S., requires custodians of records to furnish copies of records upon payment of the actual cost of reproduction in the event specific fees are not prescribed by law.[2]
In AGO 86-94, this office considered whether the clerk of the circuit court could copyright computer programs for financial and accounting functions and, thereafter, charge other public agencies a fee for such programs in order to recover the expense incurred in developing them. This office found no statutory authority for the clerk to copyright the programs or to charge a fee in order to recoup the cost of their development.
Likewise, I have not found, nor have you provided, statutory authority for the city to charge a greater amount than the actual cost of duplication of the city's growth management books.[3]
In the absence of such authority, the city may not charge a fee greater than the actual cost of duplication.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633, 640 (Fla. 1980).
[2] See, AGO 75-304 concluding that a public agency may not enter into an agreement with a court reporter to refer all requests for copies of transcripts of agency proceedings to the court reporter who originally transcribed the meetings.
[3] See, AGO 85-19 concluding that a municipality may enact an ordinance establishing a set fee for duplication of public records if the fee reflects the "actual cost of duplication" as defined in s. 119.07(1), F.S.